**LEWIS et al. v. CABLE et al.**

**Civ. A. 9725.**

United States District Court
W. D. Pennsylvania.
Sept. 4, 1952.

Samuel Krimsly, Pittsburgh, Pa., Edward L. Carey, and Val J. Mitch, Washington, D. C., for plaintiffs.

Elliott W. Finkel, of Kaplan, Finkel & Roth, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

This action was instituted by plaintiffs to recover from defendant 20¢ for each ton of coal produced by defendant for use or sale during the life of the National Bituminous Coal Wage Agreement of 1948 and to recover 30¢ for each ton of coal produced by defendant for use or sale during the life of the National Bituminous Coal Wage Agreement of 1950. Plaintiffs allege that said Agreements were signed on behalf of defendant by the Somerset County Coal Operators Association of Pennsylvania (Association) of which defendant is a member.

Plaintiffs filed a motion for summary judgment. In support of their motion, they contend that the Association had apparent authority to execute the contracts on behalf of the defendant; or, if the Association did not have apparent authority then defendant ratified the contracts by making payments thereunder.

Defendant made payments on the production of coal up to April 30, 1949. These payments were 20¢ for each ton of coal produced for use or sale. On October 10, 1949, counsel for plaintiffs sent defendant a letter demanding payment for coal produced "due and owing in accordance with and pursuant to the terms and provisions of the National Bituminous Coal Wage Agreement of 1948 * * *. If the aforesaid debt is not paid within a reasonable time, it will be necessary for the Trustees of the United Mine Workers of America Welfare and Retirement Fund to take the legal steps necessary to compel compliance of your contractual obligations." Defendant, on October 12, 1949, replied: "In reference to your letter of Oct. 10, 1949, regarding the Welfare fund I owe the U. M. W. A. Right now I'm in no position to pay anything on this debt. But just as soon as we go back to work my broker will advance the money on the output for the first two days, this will be sent to you at once to apply on the welfare fund."

In opposition to plaintiffs' motion, defendant filed an affidavit in which he states that "The payments made as aforesaid were made by me under the influence of fear of strike and repercussions which I was convinced would inevitably result if such payments had not been made and which would entail irreparable loss to me in my business, and were in nowise made pursuant to any legal obligation known by me to exist at that time and, on the contrary, I was not cognizant of any legal obligation incurred by me at any time for making such payments."

Defendant's defense, therefore, appears to be that subjectively he did not intend to ratify the 1948 Agreement. But the court is of the opinion that it is the manifestation and not the undisclosed intention of the alleged principal which controls. See Restatement of the Law of Agency, § 26 Comment a, § 27 Comment a. See also Restatement of the Law of Contracts, §§ 20, 71. In fact, we are of the opinion that proof of his subjective intent is not material and would not be admissible in evidence.[1] Defendant cannot by

1. See Restatement of the Law of Contracts, § 71, Comment a, which states "If

the words or other acts of one of the parties have but one reasonable meaning,

his acts and declarations pretend to be bound by the Agreement so as to prevent strikes and repercussions and then, when full liability under said Agreement is asserted, seek to disaffirm it. See Restatement of the Law of Agency, § 96. And his uncommunicated motives in making payments cannot now alter the legal effect of his manifested acts and declarations.

■ Defendant further urges, however, that he did not ratify the 1948 Agreement because it is not shown that he had full knowledge of all the material facts concerning the Agreement. We do not agree with this contention. If he did not have full knowledge of all the material facts, the payments and the above letter of defendant indicate to the court a willingness on the part of defendant to ratify the contracts without complete knowledge. See Restatement of the Law of Agency, § 91. He paid over $9,000 under the 1948 Agreement. If he thought this was sheer extortion, he would not have paid it. The same is true of the promise in his letter of October 12, 1949, to continue payments after he returned to work. If he did not believe he owed the money, he should not have acknowledged the debt. Under these facts, defendant was under a duty to repudiate liability under the Agreement before making payments or acknowledging liability. See Restatement of the Law of Agency, §§ 93, 94. From defendant's acts and declarations, we find, as a matter of law, that he did ratify the 1948 Agreement.

■ Although defendant did not make payments under the 1950 Agreement, we find that the ratification of the 1948 Agreement created apparent authority in the Association to enter into the later Agreement on defendant's behalf. The ratifi-

cation of the prior Agreement appears to the court to be such "conduct of the principal which, reasonably interpreted, causes a third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him." Restatement of the Law of Agency, § 27.

■ It further appears to the court that the motion for summary judgment should be granted because the defendant is estopped from denying the authority of the Association to act on his behalf. Defendant's affidavit indicates that he made payments under the 1948 Agreement in order to circumvent strikes and other repercussions. Obviously this course of action was taken to insure continued production at defendant's mines by inducing the employees and their union to believe that defendant had a contract with the union. The success of this deception is demonstrated by the fact that the 1950 Agreement was entered into in the same manner as the 1948 Agreement. As a result, the employees and their union did not undertake to enter into a separate contract with defendant although they have the right to insist that defendant bargain collectively. Defendant's action and declarations caused the employees and their union to forego this valued right of labor. If we were to sustain defendant's contention, the employees and their union would be prejudiced after they had relied on the only reasonable inference to be drawn from defendant's course of conduct. Thus, the elements of estoppel are present. See Restatement of the Law of Agency, § 103.

The motion, therefore, will be granted and summary judgment will be entered for the amount shown to be due by the number of tons admittedly produced by defendant.

---

his intention is material only in the exceptional case, stated in Clause (c), that an unreasonable meaning which he attaches to his manifestations is known to the other party." In the case sub judice, the undisclosed intention of defendant was not known to plaintiffs and the payments and letter have but one reasonable meaning. Therefore, any attempt by defendant to prove his undisclosed intention would be immaterial and inadmissible at the trial of this case