John L. LEWIS et al., Plaintiffs,

v.

MILL RIDGE COALS, INC., Defendant.

John L. LEWIS et al., Plaintiffs,

v.

HARLAN EVERGLOW COALS, INC., Defendant.

John L. LEWIS et al., Plaintiffs,

v.

YOCUM CREEK COAL COMPANY, INC., Defendant.

John L. LEWIS et al., Plaintiffs,

v.

IMPERIAL HARLAN COALS, INC., Defendant.

John L. LEWIS et al., Plaintiffs,

v.

PREMIUM COALS, INC., Defendant.
Nos. 925–928, 946.

United States District Court
E. D. Kentucky,
London.
Oct. 20, 1960.

---

Lay & Knuckles, Pineville, Ky., Val J. Mitch and Harold H. Bacon, Washington, D. C., for plaintiffs.

James S. Greene, Jr., and Glenn L. Greene, Jr., James Sampson and William A. Rice, Harlan, Ky., for defendants.

HIRAM CHURCH FORD, Chief Judge.

The Court has heretofore considered these cases on identical motions filed by plaintiffs in each case for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. For obvious reasons, the cases were ordered consolidated for all purposes. Summary judgment was granted with respect to Paragraph No. 1 of the First Defense of the Answer of the de-

6

fendant in Civil Actions No. 925, 926, 928 and 946, and with respect to the First Defense of the defendant in Civil Action No. 927, thus disposing of defenses based on the non-existence of diversity of citizenship between all parties plaintiff and all parties defendant and on the lack of capacity on the part of the plaintiffs to prosecute these actions.

Plaintiffs are the trustees of the United Mine Workers of America Welfare and Retirement Fund of 1950, a union welfare fund meeting the requirements of § 302(c) (5) of the Taft-Hartley Act, 29 U.S.C.A. § 186, as provided for in the National Bituminous Coal Wage Agreement of 1950, a collective bargaining agreement between coal operators and the United Mine Workers of America. In ruling on the motion for partial summary judgment previously referred to, the Court also granted summary judgment with respect to Paragraph No. 6 of the Counterclaim of the defendant in each case, in which it was alleged by inference that the Welfare and Retirement Fund did not meet the requirements of the Taft-Hartley Act, did not accord with the agreement of the parties, and that the trustees in administering the fund were guilty of misconduct in placing fund monies at the disposal of the Union. Plaintiffs, by the affidavit of Josephine Roche, the neutral trustee of the fund chosen by both the Union and the Coal Operators, established the non-existence of any genuine issue of material fact as to these allegations.

Defendants, separately, or by virtue of membership in a signatory coal operators' association, are operators signatory to the National Bituminous Coal Wage Agreement of 1950, or to that agreement as amended, under the terms of which each signatory coal operator agreed to pay into the union Welfare and Retirement Fund a royalty of 30¢, later increased to 40¢, for each ton of coal produced for use or for sale.

■ Defendant in 925 and 928 by their respective answers deny being operators signatory to the National Bituminous Coal Wage Agreement of 1950 as Amended effective September 1, 1955, as alleged in the Complaint against them. However, plaintiffs have filed photostats of the signature page of the copy of this contract executed by each defendant bearing the signature of an officer of each defendant. Plaintiffs have also filed an affidavit with each photostat attesting to its correctness. The validity of the signature of these officers is not attacked by counter affidavit. This appears to eliminate any issue about defendant in 925 and 928 being operators signatory in so far as denied by these parties in the First Defense of their separate answers.

In 927 the Court, by order entered October 16, 1958, permitted plaintiffs to amend the Complaint to allege that, rather than the defendant individually as originally alleged, the Harlan County Coal Operators' Association, of which defendant was a member, executed the contract defendant denied executing, and defendant admits the latter allegation to be true. This eliminates any issue about defendant being an operator signatory in so far as denied in the Second Defense of its separate answer.

Based on defendants' answers to interrogatories, plaintiffs have now filed amended complaints setting out the exact number of tons of coal produced for use or for sale by each defendant during such time as it was an operator signatory, the amount of royalty payments received by the welfare fund from each defendant and the amount of royalties remaining unpaid by each defendant on coal produced for use or for sale.

By separate answer to these amended complaints each defendant admits the allegations as to the number of tons of coal produced for use or for sale and as to the amount of royalties paid into the welfare and retirement fund. From the Amended Complaints and Answers thereto it appears that defendant in 925 has made royalty payments in the sum of $20,644.22 and owes $85,716.58; defendant in 926 has made royalty payments in the sum of $8,894.76 and owes $77,-260.84; defendant in 927 has made royalty payments in the sum of $4,836.30 and

owes $24,526.20; defendant in 928 has made royalty payments in the sum of $29,402.16 and owes $243,552, and defendant in 946 has made royalty payments in the sum of $5,698.12 and owes $33,807.34.

The plaintiffs have moved the court to enter summary judgment in their favor for the balance of royalties owed by each defendant, plus interest and costs. As a basis for renewing their motion for summary judgment in each case, following their motion for partial summary judgment heretofore considered by the court, plaintiffs rely on the recent opinion of the Supreme Court in Lewis v. Benedict Coal Corporation, 361 U.S. 459, 80 S.Ct. 489, 4 L.Ed.2d 442, handed down since the court ruled on the motion for partial summary judgment.

■ The major issue presented by these motions for summary judgment is whether as a matter of law the Second Defense of defendant in 925, 926, 928 and 946 and the Sixth Defense of defendant in 927 present a justiciable issue. These defenses are based upon the assertion that so much of the National Bituminous Coal Wage Agreement of 1950, or of that agreement as amended, as provides for payment by defendants into the Welfare and Retirement Fund of a royalty on each ton of coal produced for use or for sale is unenforceable and void or voidable for want of consideration or a failure thereof.

In Lewis v. Benedict Coal Corporation, supra, the Supreme Court said: "The royalty payments are really another form of compensation to the employees, and as such the obligation to pay royalty might be thought to be incorporated into the individual employment contracts." Id. 361 U.S. at page 469, 80 S.Ct. at page 495.

In view of the decision of the Supreme Court in the Lewis v. Benedict Corporation case, supra, and the undisputed fact that the defendants produced the coal for use or for sale on which royalties are sought to be collected, the defense of want of consideration or a failure

thereof would appear to be insufficient, as a matter of law.

Defendant in 927 as a Third Defense asserts that it has paid fully the royalty due on all coal produced for use or for sale during the period commencing October 1, 1952 and ending December. 31, 1952. Since plaintiffs have credited defendant with all payments to the Welfare and Retirement Fund, there appears to be no issue created by this defense.

■ Defendant in 927 asserts as a Fourth Defense "that the contracts upon which plaintiffs sued were not signed by this defendant who was the party to be charged therein and because of this fact plaintiffs' cause of action is barred by the Statutes of Limitation in such cases made and provided, because this action is filed more than five years after the accrual of plaintiffs' alleged cause of action." In view of defendant's admission that the Harlan County Coal Operators' Association, of which it was a member, executed the contracts on which the claim against defendant is based, this defense is not good. See Rabouin v. National Labor Relations Board, 2 Cir., 195 F.2d 906, 910; Hamilton Foundry & M. Co. v. International M. & F. Workers, 6 Cir., 193 F.2d 209; Farina Brothers Co. Inc. v. United Brotherhood of Carpenters, D.C.D.Mass., 152 F.Supp. 423.

Defendant in 927 alleges as a Fifth Defense that in providing benefits of the Welfare and Retirement Fund to only those employees of operators signatory who are members of the Union, the plaintiff trustees and the United Mine Workers Union are committing an unfair labor practice condemned under the National Labor Relations Act and are seeking to enforce payment against the defendant based upon such unfair labor practice which is against public policy.

The National Bituminous Coal Wage Agreement of 1950, and as amended, to which the defendant was a party signatory contains the following provision:

"*　*　* It is agreed that the United Mine Workers of America is recognized herein as the exclusive

bargaining agency representing the employees of the parties of the first part. It is further agreed that as a condition of employment all employees shall be, or become, members of the United Mine Workers of America, to the extent and in the manner permitted by law, except those exempted classifications of employment hereinafter provided in this agreement. * * * "

█ If defendant complied with this agreement all of its employees except exempted classifications, which are generally speaking supervisory personnel not covered in any manner by the contract, were members of the Union and were thus all entitled to benefits of the Welfare and Retirement Fund. Under the National Labor Relations Act, 29 U.S.C.A. § 158(a) (3), such a closed shop agreement is legal and it does not violate any law of Kentucky. Therefore, the allegation that the plaintiff trustees and the Union are committing an unfair labor practice by providing benefits of the Welfare and Retirement Fund to only such of defendant's employees as are members of the Union appears to be a spurious defense. See Lewis v. Fentress Coal & Coke Co., D.C., 160 F.Supp. 221, affirmed per curiam 6 Cir., 264 F.2d 134.

Defendant in 927 as a Seventh Defense relies on the assertion that the collective bargaining agreements on which plaintiffs' claim is based are voidable and unenforceable because they were executed by the Harlan County Coal Operators' Association, of which defendant was a member, under duress created by the threat of the Union "to withdraw their members from the mines and prohibit them working in the mines. * * * "

With respect to this latter defense the following quotation from Lewis v. Kerns, D.C., 175 F.Supp. 115, at page 118, appears to be pertinent.

"The defendants further contend that the contracts are invalid in that they were executed by reason of duress, namely the 'concerted activity and threats of the United Mine Workers of America and in order to avoid strikes, work stoppages, etc.' Duress is actual or theatened violence contrary to law by reason of which a person is compelled to enter into or discharge a contract. United States Rubber Co. v. Moon, 93 Ind. App. 571, 179 N.E. 26. However, threat of lawful strike does not constitute duress or vitiate a collective bargaining agreement. American Steel Foundries v. Tri-City Central Trades Council, 257 U.S. 184, 42 S.Ct. 72, 66 L.Ed. 189; Shipley v. Pittsburgh & L. E. R. Co., D.C.W.D. Pa., 83 F.Supp. 722; Roth v. Local Union No. 1460 of Retail Clerks Union, 216 Ind. 363, 24 N.E.2d 280.

"Assuming, however, that the duress alleged here by the defendants was unlawful, the contracts are not void but only voidable and may be ratified and affirmed by the party upon whom the alleged duress was practiced. Schee v. McQuilken, 59 Ind. 269; * * * Lewis v. Cable, D.C.W.D.Pa., 107 F.Supp. 196. In addition, to render a contract voidable by reason of duress an election to rescind and challenge the validity must be made within a reasonable time. Rose v. Owen, 42 Ind.App. 137, 85 N.E. 129. Defendants here admit that during the period January 1, 1955, through December, 1957, they operated under the terms of the contracts in question producing a substantial number of tons of coal, paying to plaintiffs a substantial portion of the royalty due, checking off union dues of their employees and paying such dues to the proper offices of the United Mine Workers of America pursuant to the terms of the contracts. At no time during the three year period involved in this action did the defendants by an affirmative act attempt to rescind the contracts and the question of the validity of the contracts by reason of duress is raised here for the first time. It must be held, therefore,

the defendants having ratified the contracts by their actions and failing to rescind over a period of three years are now estopped to deny the validity of the contracts. Harrison v. Glucose Sugar Refining Co., 7 Cir., 116 F. 304, 58 L.R.A. 915; Lewis v. Cable, supra."

The claim herein asserted against defendant is based on the effectiveness of contracts during the period January 1, 1951, through and including September 30, 1952. The invalidity of these contracts by reason of duress is asserted for the first time in this action filed against the defendant in 1958. The employees of defendant worked under the terms of these contracts during the period of their effectiveness upon the assumption of their validity and the rights of such employees are affected by the defense of duress sought to be asserted by defendant. It would appear to be unconscionable to permit defendant to assert this defense at this late date.

The defendants have filed counterclaims for the amount of royalties paid by each of them into the Welfare and Retirement Fund. As heretofore stated, the court in ruling on the prior motion for partial summary judgment, granted summary judgment with respect to Paragraph No. 6 of these counterclaims. This leaves as the only issue that created by the allegations of Paragraph No. 7 of the counterclaims to the effect that the agreement to pay royalty on coal produced for use or for sale is unenforceable and void or voidable for want of consideration or a failure thereof, and therefore defendants are entitled to recover the royalty payments which they have made. In view of the conclusion hereinabove stated that there was consideration for the agreement, recovery on this ground cannot be permitted.

For the reasons indicated, plaintiffs' motion for summary judgment is sustained in each of the above entitled cases. Let judgment be entered in each of them in conformity herewith.