Settle order.

John L. LEWIS, Henry G. Schmidt and Josephine Roche, as Trustees of the United Mine Workers of America Welfare and Retirement Fund of 1950, Plaintiffs,

v.

Fred COLLETT, Individually and trading as Fred Collett Coal Company, and/or Regina Coal Company, Defendant.

No. 967.

United States District Court
E. D. Kentucky,
Jackson.

Dec. 22, 1960.

Lay & Knuckles, Pineville, Ky., Val J. Mitch and Harold H. Bacon, Washington, D. C., for plaintiffs.

Logan E. Patterson, Pineville, Ky., Robert B. Berger, Pineville, Ky., for defendant.

HIRAM CHURCH FORD, J.

This case is before the Court upon plaintiffs' motion for summary judgment

in their behalf with respect to their claim and defendant's counterclaim.

The Court has jurisdiction of the parties and the subject matter of this action. Title 28 U.S.C.A. § 1332.

Plaintiffs are the trustees of the United Mine Workers of America Welfare and Retirement Fund of 1950, a union welfare fund meeting the requirements of § 302(c) (5) of the Taft-Hartley Act, 29 U.S.C.A. § 186, as amended, as provided for in the National Bituminous Coal Wage Agreement of 1950, a collective bargaining agreement between coal operators and the United Mine Workers of America.

During the period October 28, 1955, through and including June 30, 1958, defendant was engaged in coal mining operations at Field, Kentucky, in this district. Under the terms of the National Bituminous Coal Wage Agreement of 1950, as amended, executed by the defendant and the United Mine Workers of America on several successive occasions, so that defendant was an operator signatory during the period in question, defendant was required to pay into the union welfare fund a royalty of 40¢ per ton on each ton of coal produced for use or for sale.

Defendant admits producing 50,306.70 tons of coal for use or for sale during the period involved. Defendant further admits having made royalty payments totaling only $1,956. Plaintiffs seek to recover herein a balance in royalties of $18,166.68 alleged to be due and owing by the defendant.

By way of defense the defendant asserts:

1. That his signature to the National Bituminous Coal Wage Agreement of 1950, and the amendments thereto, as alleged in the Complaint, was procured through force, duress, violence and threats of violence on the part of the United Mine Workers of America without which he would never have signed or executed such agreements.

2. That the agreements are wholly without consideration because, though pretended to be a part of the consideration for services performed by employees, such employees have no voice or control over the manner in which the money they earn for the welfare fund is spent, control of the fund being wholly within the arbitrary discretion of the plaintiffs.

3. That the agreements are an unfair labor practice because they make no provision for benefits to employees who are not members of the union.

■ Defendant has also filed a Counterclaim for damages in the sum of $20,000 based on allegations that the other party to the collective bargaining agreements, the union, through wrongful conduct, including a secondary boycott, materially injured his business. Such allegations against the union constitute no support for the defendant's counterclaim herein and are insufficient to state a claim for which relief can be granted against these plaintiffs. Lewis v. Benedict Coal Corp., 361 U.S. 459, 466, 80 S.Ct. 489, 4 L.Ed.2d 442.

■ In light of the opinion of the Supreme Court in Lewis v. Benedict Coal Corp., supra, which this Court followed in its opinion filed October 20, 1960, in the consolidated cases of Lewis et al. v. Mill Ridge Coals, Inc., etc., 188 F.Supp. 4, and in view of the fact that the deposition of the defendant taken in discovery reveals that no force, violence, threats or other duress was practiced upon him in procuring his signature to the collective bargaining agreements in question, and the further fact that the affidavit of the plaintiff, Josephine Roche, filed herein stands uncontradicted, the Court is of the opinion that there is no genuine issue herein as to any material fact and the plaintiffs are entitled to judgment as a matter of law. The plaintiffs' motion for summary judgment in their behalf on their claim and with respect to defendant's counterclaim should be and is sustained. Let judgment be submitted for entry accordingly.